IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY,
PENNSYLVANIA

| | |
|---|---|
| CHARLES MONATT, individually and on behalf of all others similarly situated,<br>Plaintiff<br><br>v.<br><br>PVR PARTNERS, LP, et al.,<br>Defendants | NO.: 13-010606<br><br>CLASS ACTION |

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY,
PENNSYLVANIA

| | |
|---|---|
| SAUL SROUR, individually and on behalf of all others similarly situated,<br>Plaintiff<br><br>v.<br><br>PVR PARTNERS, L.P., et al.,<br>Defendants | NO.: 13-011015<br><br>CLASS ACTION |

## FINAL ORDER AND JUDGMENT

A hearing having been held before this Court on May 20, 2016 to determine whether the terms and conditions of the Stipulation of Settlement, dated January 14, 2016 (the "Stipulation"), and the terms and conditions of the settlement proposed in the Stipulation (the "Settlement"), are fair, reasonable, and adequate for the settlement of all claims asserted herein, and to determine whether this Court should approve the Settlement and enter the Final Order and Judgment in the above-captioned actions (the "Pennsylvania State Court Actions");

1

The Stipulation and the Settlement having been entered into by the parties to the Pennsylvania State Court Actions in addition to the parties to two related actions filed in the United States District Court for the Eastern District of Pennsylvania, *Bushansky v. PVR Partners, L.P., et al.*, Case No. 13-cv-06829-HB (the "Bushansky Action"), and *Hinnau v. PVR Partners, L.P., et al.*, Case No. 13-cv-07496-HB (the "Hinnau Action"); and the parties to a related action filed in the Court of Chancery of the State of Delaware, *Naiditch v. PVR Partners L.P., et al.*, C.A. No. 9015-VCL (the "Naiditch Action"; and, together with the Pennsylvania State Court Actions, the Bushansky Action, and the Hinnau Action, the "Actions");[1] and

The Court having considered all matters submitted to it at the hearing and otherwise;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. This Final Order and Judgment ("Judgment") incorporates and makes part hereof the Stipulation filed with this Court on January 14, 2016, including Exhibits A-C thereto. Unless otherwise defined in this Judgment, the capitalized terms used in this Judgment have the same meanings as they have in the Stipulation.

2. The Notice of Pendency of Class Action and Proposed Settlement (the "Notice") was provided to members of the Settlement Class in accordance with the Scheduling Order for Approval of Settlement of Class Action entered on February 24, 2016 (the "Preliminary Approval Order"), via a first-class mailing made on March 4, 2016, according to the proof of such mailing of the Notice filed with the Court by counsel for PVR Partners, L.P. ("PVR"). The provision of the Notice to the Settlement Class is hereby determined to be adequate

---

[1] The Court of Chancery of the State of Delaware already dismissed the Naiditch Action as moot and in deference to the Pennsylvania State Court Actions on August 14, 2015.

2

and sufficient and in full compliance with Pennsylvania Rules of Civil Procedure 1712 and 1714, due process, and applicable law.

3. The Court finds that the Pennsylvania State Court Actions are properly brought as a class action, for purposes of the Settlement only, pursuant to Pennsylvania Rule of Civil Procedure 1702 *et seq.* and hereby certifies the following non-opt-out class (the "Settlement Class"):

> Plaintiffs and any and all record holders and beneficial owners of any unit(s) of PVR who held any such unit(s) at any time during the period beginning on and including October 9, 2013 through and including March 21, 2014, the date of consummation of the Proposed Transaction, including any and all of their representative successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns, or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, other than defendants PVR, PVR GP, LLC, William H. Shea, Jr., Edward B. Cloues II, James L. Gardner, Robert J. Hall, Thomas W. Hofmann, E. Bartow Jones, Marsha R. Perelman, John C. Van Roden, Jr., Andrew W. Ward, Jonathan B. Weller, Regency Energy Partners, LP, Regency GP LP, and RVP LLC.

4. Specifically, the Court finds that, for the sole purpose of the Settlement, the Settlement Class satisfies the numerosity requirement of Pennsylvania Rule of Civil Procedure 1702(1), because the Settlement Class is so numerous that joinder of all members is impracticable. As of March 1, 2014, there were more than 112 million common units of PVR issued and outstanding, held by hundreds of registered holders of record. There are common issues of fact and law that predominate over any questions affecting only individual members of the Settlement Class and such common issues are sufficient to satisfy Pennsylvania Rule of Civil Procedure 1702(2), including whether (i) the disclosures made in connection with the merger omitted material information relating to the merger, (ii) the Defendants breached their fiduciary duties to the members of the Settlement Class or aided and abetted any such breaches, and (iii) the plaintiffs in the Actions and the members of the Settlement Class were injured as a consequence of

3

Defendants' actions. The claims of the Settlement Class Representatives are typical of the claims of the other members of the Settlement Class in that they all arise from the same allegedly wrongful course of conduct and are based on the same legal theories, satisfying Pennsylvania Rule of Civil Procedure 1702(3). The Settlement Class Representatives and their counsel have fairly and adequately represented the interests of the Settlement Class, satisfying Pennsylvania Rules of Civil Procedure 1702(4) and 1709. Lastly, a class action provides a fair and efficient method for adjudication of the controversy, satisfying Pennsylvania Rules of Civil Procedure 1702(5) and 1708. Specifically, the prosecution of separate actions by individual members of the Settlement Class would create a risk of inconsistent adjudications that would establish incompatible standards of conduct for Defendants, and, as a practical matter, the adjudication of the Pennsylvania State Court Actions would influence the disposition of any pending or future identical cases brought by other members of the Settlement Class, in accordance with Pennsylvania Rule of Civil Procedure 1708(a)(3); and there were allegations that Defendants acted or refused to act on grounds generally applicable to the Settlement Class, satisfying Pennsylvania Rule of Civil Procedure 1708(b).

5.   Plaintiffs Charles Monatt and Saul Srour (collectively, "Plaintiffs"), are hereby certified as Settlement Class Representatives for purposes of the Settlement only and their counsel, the law firms of Brodsky & Smith, LLC and WeissLaw LLP, are hereby certified as Lead Settlement Class Counsel for purposes of the Settlement only.

6.   The Settlement of the Actions as provided for in the Stipulation is approved as fair, reasonable, and adequate and in the best interests of the plaintiffs in the Actions and the other members of the Settlement Class, in accordance with Pennsylvania Rule of Civil Procedure 1714. The Stipulation and the terms of the Settlement as described in the Stipulation are hereby approved

4

in their entirety. The Parties to the Stipulation are hereby authorized and directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7.  [The Court has considered all objections to the Settlement and has found them to be without merit and they are hereby overruled.]

8.  The Pennsylvania State Court Actions and all of the claims alleged therein are hereby dismissed on the merits and with prejudice as to all Defendants, and as against the Settlement Class Representatives and all members of the Settlement Class, with no costs awarded to any Party except as provided herein or in the Stipulation. As of the Effective Date, all Released Claims (as defined in the Stipulation) shall be released. Further, as of the Effective Date, the Plaintiffs' Release (as defined in the Stipulation) shall take effect.

9.  All members of the Settlement Class as defined in Paragraph 3 above shall be and are deemed bound by the Stipulation and this Judgment. This Judgment, including the release of all Released Claims as to all Released Parties, shall have *res judicata* and other preclusive effect in all pending and future lawsuits, arbitrations, or other proceedings maintained by or on behalf of the plaintiffs in the Actions and all other members of the Settlement Class, as well as their respective heirs, executors, administrators, estates, trustees, predecessors-in-interest, successors-in-interest, successors, and assigns.

10. The plaintiffs in the Actions and all members of the Settlement Class, and their respective heirs, executors, administrators, estates, predecessors-in-interest, predecessors, successors-in-interest, successors, and assigns, are hereby permanently barred and enjoined from commencing, instituting, maintaining, or prosecuting, either directly or indirectly, any action or other proceeding asserting any of the Released Claims against any of the Released Parties in this or any other forum.

11. Neither the Memorandum of Understanding ("MOU"), the Stipulation, this Judgment, nor the fact or any terms of the Settlement, is to be considered in this or any other proceeding as evidence, or a presumption, admission, or concession by any Party or any Released Party, of any fault, liability, or wrongdoing whatsoever, or lack of any fault, liability, or wrongdoing, as to any facts or claims alleged or asserted in any of the Actions or in any other actions or proceedings.

12. After consideration of Lead Settlement Class Counsel's Fee Application, Lead Settlement Class Counsel is hereby awarded attorneys' fees and reimbursement of expenses in the sum of $370,000.00 which sum the Court finds to be fair and reasonable. This amount shall be paid pursuant to the provisions of the Stipulation. No counsel representing any plaintiff in any of the Actions, no plaintiff, and no member of the Settlement Class shall make any further or additional application for attorneys' fees and expenses to the Court or any other court in connection with the Stipulation or the Settlement, except as contemplated by the Stipulation.

13. Without further order of this Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

14. If the Effective Date does not occur, or, on or following appellate review this Judgment is modified or reversed in any material respect, this Judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void, and the Parties returned, without prejudice in any way, to their respective litigation positions immediately prior to the execution of the MOU.

15. The binding effect of this Judgment and the obligations of the Parties under the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Judgment that relates solely to the issue of the Fee Application.

16. Without affecting the finality of this Judgment in any way, this Court reserves jurisdiction over all matters relating to the administration, consummation, and enforcement of the Settlement and this Judgment.

BY THE COURT:

Dated: May 20, 2016

_____
Charles B. Burr, II, S.J.

7

EXHIBIT C

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA

| | |
|---|---|
| CHARLES MONATT, individually and on behalf of all others similarly situated,<br>Plaintiff<br><br>v.<br><br>PVR PARTNERS, LP, et al.,<br>Defendants | NO.: 13-010606<br><br>CLASS ACTION |

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA

| | |
|---|---|
| SAUL SROUR, individually and on behalf of all others similarly situated,<br>Plaintiff<br><br>v.<br><br>PVR PARTNERS, L.P., et al.,<br>Defendants | NO.: 13-011015 ✓<br><br>CLASS ACTION |

## FINAL ORDER AND JUDGMENT

A hearing having been held before this Court on _May 20_, 2016 to determine whether the terms and conditions of the Stipulation of Settlement, dated January 14, 2016 (the "Stipulation"), and the terms and conditions of the settlement proposed in the Stipulation (the "Settlement"), are fair, reasonable, and adequate for the settlement of all claims asserted herein, and to determine whether this Court should approve the Settlement and enter the Final Order and Judgment in the above-captioned actions (the "Pennsylvania State Court Actions");

1

The Stipulation and the Settlement having been entered into by the parties to the Pennsylvania State Court Actions in addition to the parties to two related actions filed in the United States District Court for the Eastern District of Pennsylvania, *Bushansky v. PVR Partners, L.P., et al.*, Case No. 13-cv-06829-HB (the "Bushansky Action"), and *Hinnau v. PVR Partners, L.P., et al.*, Case No. 13-cv-07496-HB (the "Hinnau Action"); and the parties to a related action filed in the Court of Chancery of the State of Delaware, *Naiditch v. PVR Partners L.P., et al.*, C.A. No. 9015-VCL (the "Naiditch Action"; and, together with the Pennsylvania State Court Actions, the Bushansky Action, and the Hinnau Action, the "Actions");[1] and

The Court having considered all matters submitted to it at the hearing and otherwise;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. This Final Order and Judgment ("Judgment") incorporates and makes part hereof the Stipulation filed with this Court on January 14, 2016, including Exhibits A-C thereto. Unless otherwise defined in this Judgment, the capitalized terms used in this Judgment have the same meanings as they have in the Stipulation.

2. The Notice of Pendency of Class Action and Proposed Settlement (the "Notice") was provided to members of the Settlement Class in accordance with the Scheduling Order for Approval of Settlement of Class Action entered on February 24, 2016 (the "Preliminary Approval Order"), via a first-class mailing made on March 4, 2016, according to the proof of such mailing of the Notice filed with the Court by counsel for PVR Partners, L.P. ("PVR"). The provision of the Notice to the Settlement Class is hereby determined to be adequate

---

[1] The Court of Chancery of the State of Delaware already dismissed the Naiditch Action as moot and in deference to the Pennsylvania State Court Actions on August 14, 2015.

and sufficient and in full compliance with Pennsylvania Rules of Civil Procedure 1712 and 1714, due process, and applicable law.

3.  The Court finds that the Pennsylvania State Court Actions are properly brought as a class action, for purposes of the Settlement only, pursuant to Pennsylvania Rule of Civil Procedure 1702 *et seq.* and hereby certifies the following non-opt-out class (the "Settlement Class"):

> Plaintiffs and any and all record holders and beneficial owners of any unit(s) of PVR who held any such unit(s) at any time during the period beginning on and including October 9, 2013 through and including March 21, 2014, the date of consummation of the Proposed Transaction, including any and all of their representative successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns, or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, other than defendants PVR, PVR GP, LLC, William H. Shea, Jr., Edward B. Cloues II, James L. Gardner, Robert J. Hall, Thomas W. Hofmann, E. Bartow Jones, Marsha R. Perelman, John C. Van Roden, Jr., Andrew W. Ward, Jonathan B. Weller, Regency Energy Partners, LP, Regency GP LP, and RVP LLC.

4.  Specifically, the Court finds that, for the sole purpose of the Settlement, the Settlement Class satisfies the numerosity requirement of Pennsylvania Rule of Civil Procedure 1702(1), because the Settlement Class is so numerous that joinder of all members is impracticable. As of March 1, 2014, there were more than 112 million common units of PVR issued and outstanding, held by hundreds of registered holders of record. There are common issues of fact and law that predominate over any questions affecting only individual members of the Settlement Class and such common issues are sufficient to satisfy Pennsylvania Rule of Civil Procedure 1702(2), including whether (i) the disclosures made in connection with the merger omitted material information relating to the merger, (ii) the Defendants breached their fiduciary duties to the members of the Settlement Class or aided and abetted any such breaches, and (iii) the plaintiffs in the Actions and the members of the Settlement Class were injured as a consequence of

3

Defendants' actions. The claims of the Settlement Class Representatives are typical of the claims of the other members of the Settlement Class in that they all arise from the same allegedly wrongful course of conduct and are based on the same legal theories, satisfying Pennsylvania Rule of Civil Procedure 1702(3). The Settlement Class Representatives and their counsel have fairly and adequately represented the interests of the Settlement Class, satisfying Pennsylvania Rules of Civil Procedure 1702(4) and 1709. Lastly, a class action provides a fair and efficient method for adjudication of the controversy, satisfying Pennsylvania Rules of Civil Procedure 1702(5) and 1708. Specifically, the prosecution of separate actions by individual members of the Settlement Class would create a risk of inconsistent adjudications that would establish incompatible standards of conduct for Defendants, and, as a practical matter, the adjudication of the Pennsylvania State Court Actions would influence the disposition of any pending or future identical cases brought by other members of the Settlement Class, in accordance with Pennsylvania Rule of Civil Procedure 1708(a)(3); and there were allegations that Defendants acted or refused to act on grounds generally applicable to the Settlement Class, satisfying Pennsylvania Rule of Civil Procedure 1708(b).

5. Plaintiffs Charles Monatt and Saul Srour (collectively, "Plaintiffs"), are hereby certified as Settlement Class Representatives for purposes of the Settlement only and their counsel, the law firms of Brodsky & Smith, LLC and WeissLaw LLP, are hereby certified as Lead Settlement Class Counsel for purposes of the Settlement only.

6. The Settlement of the Actions as provided for in the Stipulation is approved as fair, reasonable, and adequate and in the best interests of the plaintiffs in the Actions and the other members of the Settlement Class, in accordance with Pennsylvania Rule of Civil Procedure 1714. The Stipulation and the terms of the Settlement as described in the Stipulation are hereby approved

4

in their entirety. The Parties to the Stipulation are hereby authorized and directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7. [The Court has considered all objections to the Settlement and has found them to be without merit and they are hereby overruled.]

8. The Pennsylvania State Court Actions and all of the claims alleged therein are hereby dismissed on the merits and with prejudice as to all Defendants, and as against the Settlement Class Representatives and all members of the Settlement Class, with no costs awarded to any Party except as provided herein or in the Stipulation. As of the Effective Date, all Released Claims (as defined in the Stipulation) shall be released. Further, as of the Effective Date, the Plaintiffs' Release (as defined in the Stipulation) shall take effect.

9. All members of the Settlement Class as defined in Paragraph 3 above shall be and are deemed bound by the Stipulation and this Judgment. This Judgment, including the release of all Released Claims as to all Released Parties, shall have *res judicata* and other preclusive effect in all pending and future lawsuits, arbitrations, or other proceedings maintained by or on behalf of the plaintiffs in the Actions and all other members of the Settlement Class, as well as their respective heirs, executors, administrators, estates, trustees, predecessors-in-interest, successors-in-interest, successors, and assigns.

10. The plaintiffs in the Actions and all members of the Settlement Class, and their respective heirs, executors, administrators, estates, predecessors-in-interest, predecessors, successors-in-interest, successors, and assigns, are hereby permanently barred and enjoined from commencing, instituting, maintaining, or prosecuting, either directly or indirectly, any action or other proceeding asserting any of the Released Claims against any of the Released Parties in this or any other forum.

11. Neither the Memorandum of Understanding ("MOU"), the Stipulation, this Judgment, nor the fact or any terms of the Settlement, is to be considered in this or any other proceeding as evidence, or a presumption, admission, or concession by any Party or any Released Party, of any fault, liability, or wrongdoing whatsoever, or lack of any fault, liability, or wrongdoing, as to any facts or claims alleged or asserted in any of the Actions or in any other actions or proceedings.

12. After consideration of Lead Settlement Class Counsel's Fee Application, Lead Settlement Class Counsel is hereby awarded attorneys' fees and reimbursement of expenses in the sum of $320,000.00 which sum the Court finds to be fair and reasonable. This amount shall be paid pursuant to the provisions of the Stipulation. No counsel representing any plaintiff in any of the Actions, no plaintiff, and no member of the Settlement Class shall make any further or additional application for attorneys' fees and expenses to the Court or any other court in connection with the Stipulation or the Settlement, except as contemplated by the Stipulation.

13. Without further order of this Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

14. If the Effective Date does not occur, or, on or following appellate review this Judgment is modified or reversed in any material respect, this Judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void, and the Parties returned, without prejudice in any way, to their respective litigation positions immediately prior to the execution of the MOU.

15. The binding effect of this Judgment and the obligations of the Parties under the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Judgment that relates solely to the issue of the Fee Application.

16. Without affecting the finality of this Judgment in any way, this Court reserves jurisdiction over all matters relating to the administration, consummation, and enforcement of the Settlement and this Judgment.

BY THE COURT:

Dated: May 20, 2016

_____
Charles B. Burr, II, S.J.

7